2018 IL App (1st) 161202

FIRST DISTRICT
FIRST DIVISION
December 24, 2018

No. 1-16-1202

|  |  |  |
|---|---|---|
|  | ) |  |
|  | ) |  |
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
|  | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
|  | ) |  |
| v. | ) | No. 14 CR 14836 |
|  | ) |  |
| RASAAN PRICE, | ) | Honorable |
|  | ) | Vincent M. Gaughan, |
| Defendant-Appellant. | ) | Judge Presiding. |
|  | ) |  |
|  | ) |  |

PRESIDING JUSTICE MIKVA delivered the judgment of the court, with opinion.
Justices Griffin and Walker concurred in the judgment and opinion.

**OPINION**

¶ 1    The underlying issue before us is whether an amendment increasing the minimum age for automatic transfer to criminal court from 15 to 16 years of age—an amendment held by our supreme court to apply retroactively to "ongoing proceedings" in pending cases—applies where the defendant's criminal trial had concluded and a verdict of guilty had been entered, but where the defendant had not yet been sentenced as an adult. We hold that the amendment did apply, and that defense counsel was ineffective for failing to argue for its application in this case. We reverse and remand to the trial court, where the State may argue that the defendant should—as a matter of discretion—still be sentenced as an adult.

¶ 2                                    I. BACKGROUND

¶ 3     In August 2014, defendant Rasaan Price was charged as an adult with first degree murder, for a shooting that took place on July 23, 2014, when Rasaan was 15 years old. Under the version of the Juvenile Court Act of 1987 (Juvenile Court Act or Act) (705 ILC 405/1-1 *et seq.* (West 2014)) then in effect, the minimum age for automatic transfer from juvenile court to criminal court for defendants charged with qualifying crimes (which included first degree murder) was also 15 years of age. Rasaan was accordingly charged and tried as an adult in criminal court, and a jury found him guilty of first degree murder on October 22, 2015. Rasaan filed two post-trial motions, and both were denied. However, upon hearing the evidence in mitigation and in aggravation—including Rasaan's own statement in allocution and the certificates of achievement awarded to him while incarcerated—and after noting the consistent support Rasaan had received from his family throughout his case, the trial court judge concluded that Rasaan had "an outstanding chance of rehabilitation" and sentenced him, on March 25, 2016, to only 25 years of imprisonment, a sentence falling on the low end of the range of 20-60 years that Rasaan could have received (730 ILCS 5/5-4.5-20(a) (West 2014)).

¶ 4     In the months between the jury's verdict and sentencing, the legislature enacted Public Act 99-258 (Pub. Act 99-258 (eff. Jan. 1, 2016)), which, among other things, amended section 5-130 of the Juvenile Court Act by raising the minimum age for automatic transfer to criminal court from 15 to 16 years. 705 ILCS 405/5-130(1)(a) (West Supp. 2015). It also amended the Unified Code of Corrections (Code of Corrections) (730 ILCS 5/1-1-1 *et seq.* (West 2014)) to require consideration of certain mitigating factors when individuals under the age of 18 are sentenced in criminal court (730 ILCS 5/5-4.5-105(a) (West Supp. 2015)) and made firearm enhancements discretionary, rather than mandatory, for such individuals (730 ILCS 5/5-4.5-

105(b) (West Supp. 2015)).

¶ 5    Rasaan's counsel was clearly aware of the dramatic changes for juveniles under Public Act. 99-258. He argued that Rasaan should be sentenced under the amended sentencing statute, and Rasaan was; the trial court elected not to impose the 25-year firearm enhancement, which the amendments had just made discretionary for individuals under the age of 18. Rasaan's counsel, however, did not argue that the amendment to section 5-130 raising the minimum age for automatic transfer from 15 to 16 should apply retroactively, did not seek to transfer Rasaan's case to juvenile court, and did not argue that he should be sentenced under the Juvenile Court Act rather than the Code of Corrections.

¶ 6    Eight months after Rasaan was sentenced, our supreme court unanimously confirmed in *People ex rel. Alvarez v. Howard*, 2016 IL 120729, ¶ 28—a case in which the defendant had been charged but not yet tried in criminal court—that the amendment to section 5-130 applies retroactively to "pending cases." Almost a year later, in *People v. Hunter*, 2017 IL 121306, ¶ 43, the court narrowed that holding, clarifying that a case pending on direct appeal is not "pending" in the sense necessary for retroactive application of the amendment.

¶ 7    The sole issue before us is whether, given the procedural posture of the case when the amendment to section 5-130 took effect, Rasaan's trial counsel was ineffective for failing to seek transfer of his case to juvenile court, for sentencing under the Juvenile Court Act.

¶ 8    Although trial counsel should not be expected to anticipate every new direction future caselaw will take, we conclude that here—where Rasaan's counsel was aware of an amendment to the statute that subjected his young client to the criminal court system, where that amendment concerned a matter of procedure and made no express reference to prospective application, and where there were still trial court proceedings to which the amendment could be applied—counsel

was ineffective for failing to seek application of the amendment to those proceedings.

¶ 9                                    II. JURISDICTION

¶ 10    The trial court sentenced Rasaan on March 25, 2016, and he timely filed his notice of appeal on April 1, 2016. This court has jurisdiction pursuant to article VI, section 6, of the Illinois Constitution (Ill. Const. 1970, art. VI, § 6) and Illinois Supreme Court Rules 603 and 606, governing appeals from final judgments of conviction in criminal cases (Ill. S. Ct. R. 603 (eff. Feb. 6, 2013), R. 606 (eff. Dec. 11, 2014)).

¶ 11                                   III. ANALYSIS

¶ 12    Rasaan argues that his trial counsel was ineffective for failing to move for transfer of his case to juvenile court for sentencing, on the basis that the amendment to section 5-130 of the Juvenile Court Act increasing the age for automatic transfer to criminal court applies retroactively to all cases that have not reached final judgment. Because the final judgment in a criminal case is the sentencing order, and because Rasaan had not yet been sentenced, he argues it was not too late to seek transfer at that time. Rather than his current sentence of 25 years in the Illinois Department of Corrections, under the Juvenile Court Act, Rasaan could have been sentenced to no more than a five-year term in the Department of Juvenile Justice, with release no later than his twenty-first birthday. 705 ILCS 405/5-750(2) (West 2014). In response, the State argues that the amendment did not apply here because "trial had concluded, judgment had been entered on the jury's verdict *** and [Rasaan's] post-trial motion had been denied long before the amended statute went into effect."

¶ 13    "To prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced the defendant." *People v. Domagala*, 2013 IL 113688, ¶ 36 (citing *Strickland v. Washington*, 466

U.S. 668, 687 (1984)). A defendant must satisfy both the performance and prejudice prong of this standard in order to prevail. *People v. Evans*, 209 Ill. 2d 194, 220 (2004). To show that counsel's performance was deficient, "a defendant must show that [it] was objectively unreasonable under prevailing professional norms." *Domagala*, 2013 IL 113688, ¶ 36. To show prejudice, a defendant must demonstrate "that there is a 'reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' " *Id.* ¶ 36 (quoting *Strickland*, 466 U.S. at 694). Our supreme court has defined a "reasonable probability" as "a probability sufficient to undermine confidence in the outcome" or, put another way, "that counsel's deficient performance rendered the result of the trial unreliable or fundamentally unfair." *Evans*, 209 Ill. 2d at 220.

¶ 14 To determine whether Rasaan's trial counsel's performance was objectively unreasonable, we must consider the law as it existed during the almost three months between when Public Act 99-258 took effect and when Rasaan was sentenced. The Juvenile Court Act generally provides that "no minor who was under 18 years of age at the time of the alleged offense may be prosecuted under the criminal laws of this State." 705 ILCS 405/5-120 (West 2014). Section 5-130 of the Act, however—referred to as the excluded jurisdiction or automatic transfer statute—requires juveniles of a certain age who are charged with qualifying crimes (including first degree murder), to be charged as adults and tried in criminal court. 705 ILCS 405/5-130(1)(a) (West 2014). Under the version of section 5-130 in effect when this case was initiated, the minimum age for mandatory transfer was 15, and 15-year-old Rasaan was thus properly charged and tried as an adult in criminal court. *Id.*

¶ 15 The amendment raising the minimum age for automatic transfer from 15 to 16 years took effect on January 1, 2016 (705 ILCS 405/5-130(1)(a) (West Supp. 2015)), over two months after

a jury found Rasaan guilty of first degree murder but several months before he was sentenced. And it would be almost a year later, on December 1, 2016, before our supreme court confirmed in *Howard*, 2016 IL 120729, ¶ 28, that the amendment applies retroactively to "pending cases." However, *Howard*'s application of the amendment to pending cases was hardly a surprise. It was based on well-established principles of statutory construction.

¶ 16    As the *Howard* court explained, to determine whether a statute applies retroactively, Illinois courts apply the two-step analysis set forth in *Landgraf v. USI Film Products*, 511 U.S. 244 (1994), first asking "whether the legislature has clearly indicated the temporal reach of the amended statute" and—only where it has not—then asking "whether the statute would have a retroactive impact." *Howard*, 2016 IL 120729, ¶ 19. It explained further, however, that Illinois courts need not ever resort to the second step of the *Landgraf* analysis because the general savings clause in section 4 of the Statute on Statutes (5 ILCS 70/4 (West 2014)) provides a default statement of temporal reach whenever one is not otherwise provided. *Howard*, 2016 IL 120729, ¶ 20. As interpreted by the court, that section provides that substantive changes generally apply prospectively and procedural changes apply retroactively. *Id.*

¶ 17    Noting both that nothing in the text of the amendment to section 5-130 itself indicates its temporal reach and that the effective date of January 1, 2016, was not expressly chosen by the legislature but applied by default, our supreme court in *Howard* held—as the trial court in that case had likewise concluded—that the general savings clause of section 4 of the Statute on Statutes applied and required retroactive application. *Howard*, 2016 IL 120729, ¶¶ 7, 21-23. As it had long held that "[w]hether a defendant is tried in juvenile or criminal court is purely a matter of procedure" (*People v. Patterson*, 2014 IL 115102, ¶ 104 (citing *People v. P.H.*, 145 Ill. 2d 209, 222 (1991)), the court concluded that the amendment to section 5-130 should apply

retroactively "unless doing so would offend the constitution." *Howard*, 2016 IL 120729, ¶ 28. Finding no such constitutional impediment, the court held that "the amendment applies to pending cases." *Id.* Although the court agreed with the State that, under section 4 of the Statute on Statutes, procedural amendments are only applied retroactively "so far as is practicable," it rejected the State's contention that the inconvenience of transferring a case that had been pending in criminal court for three years but not yet tried precluded retroactive application, explaining that "practicable" is not synonymous with "convenient," but rather with "feasible." (Internal quotation marks omitted.) *Id.* ¶ 32.

¶ 18    Almost a year later—and eight months after Rasaan was sentenced—our supreme court considered in *Hunter*, 2017 IL 121306, what it means for a case to be "pending" for purposes of applying a retroactive procedural amendment. The defendant in *Hunter* had been both tried and sentenced and his case was pending on direct appeal when the amendment to section 5-130 took effect. *Id.* ¶ 1. He argued—in light of a different change to section 5-130, under which the crime he was convicted of was no longer a qualifying offense for automatic transfer to criminal court— that his case should be remanded to juvenile court for a discretionary transfer hearing. Acknowledging that its "retroactivity jurisprudence ha[d] not typically distinguished" between cases pending in the circuit court and those pending on direct review, our supreme court nevertheless explained that in *Hunter*, unlike in *Howard*, there were no "ongoing proceedings" in the circuit court that the new statute could be applied to; nor was there any reversible error necessitating such proceedings. (Internal quotation marks omitted.) *Id.* ¶¶ 27-28, 32. Quoting Justice Scalia's concurrence in *Landgraf*, the *Hunter* court noted that a new rule of evidence governing trial testimony, though procedural, would not be applied retroactively to testimony already taken, because "the event relevant to retroactivity of the rule" is the introduction of the

testimony. *Hunter*, 2017 IL 121306, ¶ 35 (quoting *Landgraf*, 511 U.S. at 291-92 (Scalia, J., concurring, joined by Kennedy and Thomas, JJ.). The court said: "Simply stated, there are no 'proceedings thereafter' capable of 'conform[ing]' to the amended statute. [Citation.] Nothing remains to be done." *Id.* ¶ 32 (quoting section 4 of the Statute on Statutes, 5 ILCS 70/4 (West 2016)).

¶ 19    This is a point the court recently reiterated in *People v. Easton*, 2018 IL 122187, ¶¶ 21-22, cited as supplemental authority by the State. The defendant in *Easton* argued that his trial counsel's certification pursuant to Illinois Supreme Court Rule 604(d) (Ill. S. Ct. R. 604(d) eff. Feb. 6, 2013) should be deemed noncompliant, pursuant to an amended version of the rule that took effect when the defendant's case was pending on appeal. *Id.* ¶¶ 4-7. Our supreme court again made clear that, under the Statute on Statutes, it is only " 'proceedings *thereafter*,' " *i.e.*, "after the enactment of the new procedural statute" that must " 'conform, so far as practicable, to the laws in force at the time of such proceeding,' " and that this was what the court had meant in *Hunter* when it referred to the retroactive application of a procedural amendment to " 'ongoing proceedings.' " (Internal quotation marks omitted.) *Id.* at ¶ 21 (quoting *Hunter*, 2017 Il 121306, ¶ 31).

¶ 20    Although it backed away from the position at oral argument, the State suggested in its brief that the amendment to section 5-130 could not have applied in this case because judgment had already been entered on the jury's guilty verdict. But that is simply wrong. A guilty verdict is not the final judgment. Rather, "[i]n criminal cases, the final judgment is the sentence." *People v. Vara*, 2018 IL 121823, ¶ 14.

¶ 21    The State also argues that everything that happens in the trial court is one unified, indivisible "proceeding" and, once it has begun, no new procedural rule can be applied. But that

is precisely the argument that our supreme court rejected in *Howard*, where the State unsuccessfully argued that a case properly begun in criminal court, which had been pending there for three years, could not continue as a juvenile proceeding. *Howard*, 2016 IL 120729 ¶ 30. Just as the indictment and trial could be separated in *Howard*, here the finding of guilt and the sentencing were separate proceedings. Indeed the distinction between trial and sentencing is expressly reflected in subsection (c)(ii) of the automatic transfer statute, which specifically contemplates that a defendant may be tried as an adult and then sentenced as a juvenile. Subsection (c)(ii) provides:

"If after trial or plea the court finds that the minor committed an offense not covered by paragraph (a) of this subsection (1), that finding shall not invalidate the verdict or the prosecution of the minor under the criminal laws of the State; however, unless the State requests a hearing for the purpose of sentencing the minor [as an adult], the Court must proceed under [the Juvenile Court Act]. To request a hearing, the State must file a written motion within 10 days following the entry of a finding or the return of a verdict. Reasonable notice of the motion shall be given to the minor or his or her counsel. If the motion is made by the State, the court shall conduct a hearing to determine if the minor should be sentenced [as an adult]. In making its determination, the court shall consider among other matters: (a) whether there is evidence that the offense was committed in an aggressive and premeditated manner; (b) the age of the minor; (c) the previous history of the minor; (d) whether there are facilities particularly available to the Juvenile Court or the Department of Juvenile Justice for the treatment and rehabilitation of the minor; (e) whether the security of the public requires [adult] sentencing ***; and (f) whether the minor possessed a deadly weapon when committing the offense. The rules

of evidence shall be the same as if at trial. If after the hearing the court finds that the minor should be sentenced [as an adult], then the court shall sentence the minor under [the amended provisions of] the Unified Code of Corrections [applicable to individuals under the age of 18]. 705 ILCS 405/5-130(c)(ii) (West 2016).

¶ 22     In short, because Rasaan had not yet been sentenced when the amendment to section 5-130 took effect, his sentencing was a "proceeding[ ] thereafter" (5 ILCS 70/4 (West 2016)) to which the amended statute could be applied. Or put another way, his sentencing was still an "ongoing proceeding" (internal quotation marks omitted) (*Howard*, 2016 IL 120729, ¶ 28) and something that "remained to be done" (*Hunter*, 2017 IL 121306, ¶ 32) at the time the amendment to 5-130 became effective. The amendment to the statute was procedural and the new procedure should have been applied in this case.

¶ 23     We must next decide whether Rasaan's trial counsel was objectively unreasonable for failing to make this argument. We are mindful of the Supreme Court's admonition in *Strickland* that "fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Strickland*, 466 U.S. at 689. We would certainly not expect Rasaan's trial counsel, faced with the new amendment to section 5-130, to have anticipated every aspect of our supreme court's retroactivity analyses in *Howard*, *Hunter*, and *Easton*. But it should be noted that the holding in *Hunter*, reiterated in *Easton*, only *narrowed* the court's initial holding in *Howard* that the amendment was retroactive. And that holding did not spring from thin air. It was based on accepted principles of statutory construction and a well-settled understanding that "[w]hether a defendant is tried in juvenile or criminal court is purely a matter of procedure" *Patterson*, 2014 IL 115102, ¶ 104. Indeed, defense counsel in

*Howard*, faced with the same amendment, sought and was granted a transfer to juvenile court based on its retroactive application, a ruling our supreme court affirmed on direct review of the State's mandamus action. *Howard*, 2016 IL 120729, ¶ 1.

¶ 24 We agree with Rasaan that it was objectively unreasonable for his trial counsel not to likewise seek retroactive application of the amendment in his case. Counsel surely knew that Rasaan was 15 years old at the time of his crime and had been tried as an adult pursuant to the automatic transfer statute. And the record indicates that counsel was aware of Public Act 99-258, which contains no language calling for the amendment to section 5-130 to be applied prospectively and no expressly chosen effective date. Objectively reasonable counsel would either have been aware of our supreme court's decisions construing section 4 of the Statute on Statutes and holding in *Patterson* and its predecessors that whether a defendant is tried in juvenile or criminal court is a matter of procedure or would at least have conducted the minimal research necessary to locate those decisions. We agree with Rasaan that, under well-accepted rules of statutory construction, it was objectively unreasonable for his counsel not to argue that the amendment applied retroactively in his case.

¶ 25 There can also be little doubt that Rasaan was prejudiced by his counsel's failure. To demonstrate prejudice, a defendant asserting ineffective assistance of counsel must only demonstrate that there was a "reasonable probability of a different result," *i.e.*, "a probability sufficient to undermine confidence in the outcome." *Evans*, 209 Ill. 2d at 220. Here, if Rasaan's counsel had moved for retroactive application of amended section 5-130, then, as a matter of law, that motion should have been granted. Rasaan could still have been sentenced as an adult, but only at the trial court's discretion. See 705 ILCS 405/5-805(2), (3) (West 2016) (governing the presumptive and discretionary transfer of juveniles to criminal court where the requirements

for automatic transfer are not met).

¶ 26    Having decided that Rasaan's sentencing was a "proceeding[ ] thereafter" to which the retroactive amendment to section 5-130 applied, and that Rasaan's counsel was ineffective for failing to make this argument in the trial court, the question remains regarding an appropriate remedy. Our supreme court has held that "[t]he remedy for a valid claim of ineffective assistance of counsel should be tailored to the injury from the constitutional violation and should not unnecessarily infringe on competing interests." *People v. Patrick*, 2011 IL 111666, ¶ 35.

¶ 27    The parties agree that the State should have an opportunity to argue that, even though no longer subject to automatic transfer, Rassan should still be subject to an adult sentence under the Code of Corrections, rather than a juvenile sentence under the Juvenile Court Act. Where automatic transfer does not apply, the Juvenile Court Act still provides—albeit "before the commencement of trial"—for presumptive and discretionary transfers to criminal court for juveniles 13 or older who are charged with felonies  705 ILCS 405/5-805(2), (3) (West 2016). Rassan's request is that we transfer the case to a juvenile court judge to make this transfer decision. The State asks that, if we reverse, we remand this case for a discretionary transfer hearing before the judge who tried the case rather than to a juvenile court judge unfamiliar with Rasaan or the facts of his crime. For the following reasons, we agree with the State that remand to the judge who tried this case is appropriate.

¶ 28    This precise situation is not expressly contemplated by the Juvenile Court Act, but we believe that subsection (c)(ii) of the automatic transfer statute, although it does not specifically apply here, reflects the legislature's understanding of what will happen when a defendant who was properly charged and tried as an adult no longer meets the requirements for automatic transfer. That section provides for the defendant to be sentenced as a juvenile unless, within ten

days, the State files a written motion requesting a hearing for the trial court judge to decide whether the defendant should be sentenced as an adult under the Code of Corrections. At such a hearing, the court is directed to consider many of the same factors a court addresses when ruling on a motion for presumptive or discretionary transfer (compare 705 ILCS 405/5-803(2)(b), (3)(b) (West 2016) and 705 ILCS 405/5-130(c)(ii) (West 2016)), the latter of course, applying when a juvenile court judge determines whether juvenile or adult court is more appropriate for a defendant who has not yet been tried (705 ILCS 405/5-803(2)(a), (3)(a) (West 2016)).

¶ 29    Rassan's situation is somewhat analogous to *People v. Fort*, 2017 IL 118966, ¶ 41, where our supreme court remanded a case to the trial court under section 5-130(c)(ii). Here, as in *Fort*, the possibility of juvenile sentencing was raised for the first time on appeal. The State thus had no reason to argue that, as a matter of the trial court's discretion, the defendant should be sentenced as an adult rather than a juvenile. Under these circumstances, the *Fort* court concluded that "the proper resolution [wa]s to remand the cause to the trial court with directions to vacate [the] defendant's sentence and allow the State to file a petition requesting a hearing for [discretionary] adult sentencing." *Id.* We believe that is a proper resolution of this appeal as well.

¶ 30                                IV. CONCLUSION

¶ 31    For the above reasons, the judgment of the circuit court is reversed. The case is remanded to the trial court with directions to vacate Rasaan's sentence and to give the State ten days from the date on which the sentence is vacated to—if it so chooses—file a petition requesting a hearing under section 5-130(c)(ii) of the Juvenile Court Act (705 ILCS 405/5-130(c)(ii) (West 2016), to decide whether Rasaan should be sentenced as a juvenile under the Juvenile Court Act or as an adult under the Code of Corrections.

¶ 32    Reversed; cause remanded with directions.