2024 IL App (1st) 230245-U

No. 1-23-0245

Order filed May 20, 2024

First Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 09 CR 16082 01 |
| | ) | |
| ERICK ORTIZ, | ) | Honorable |
| | ) | Maura Slattery Boyle, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE COGHLAN delivered the judgment of the court.
Presiding Justice Fitzgerald Smith and Justice Pucinski concurred in the judgment.

**ORDER**

¶ 1    *Held*:   Counsel on remand was ineffective for failing to request the matter be transferred to juvenile court for resentencing.

¶ 2    Following a bench trial, defendant Erick Ortiz was found guilty of first-degree murder and sentenced to 60 years' imprisonment. Defendant was 15 years old when the offense occurred. On direct appeal, we vacated defendant's sentence where the trial court failed to adequately consider his youth before imposing a *de facto* life term. *People v. Ortiz*, 2016 IL App (1st) 133294, ¶¶ 25.

Further, based on amendments to the Juvenile Court Act of 1987 (Act) (705 ILCS 405/1-1 *et seq.* (West Supp. 2015)) that raised the minimum age of transfer from juvenile court to criminal court from age 15 to age 16 and became effective while the direct appeal pended, we remanded to juvenile court for the State "to file a petition for a transfer hearing" to criminal court if it so chose. *Ortiz*, 2016 IL App (1st) 133294, ¶ 36. The record on appeal does not reflect that any proceedings occurred in juvenile court. Instead, following a hearing in criminal court, the trial court resentenced defendant to 28 years' imprisonment.

¶ 3    On appeal, defendant argues, *inter alia*, that defense counsel on remand was ineffective for failing to request the matter be transferred to juvenile court under the Act. The State agrees as to this issue. For the following reasons, we remand to juvenile court with instructions to vacate defendant's sentence and for further proceedings consistent with this order.

¶ 4    As reflected in our prior order, defendant and Jovanny Martinez were charged with first degree murder and other offenses relating to the death of 15-year-old Alex Arellano.[1] *Id.* ¶ 4. Defendant admitted his involvement in a videotaped statement, portions of which were published at trial. *Id.* Defendant stated that on May 1, 2019, he and other individuals, including Martinez, beat Arellano by punching him and hitting him with a bat, vehicle, and rock. *Id.* ¶ 5. Defendant then dragged Arellano into a gangway, and Martinez shot Arellano in the head. *Id.* Defendant stated that he told Martinez not to shoot Arellano. When defendant returned to the scene the next morning, Arellano's body was badly burned. *Id.*

¶ 5    The trial court found defendant guilty of three counts of first-degree murder and imposed 60 years' imprisonment. In this court's order on direct appeal, entered October 17, 2016, we

---

[1] Martinez is not a party to this appeal.

affirmed the guilty findings but vacated defendant's sentence as the trial court failed to adequately consider his youth and its attendant characteristics before imposing a *de facto* life term.[2] *Id.* ¶ 25.

¶ 6　　This court also noted that while defendant's appeal pended, the legislature amended the Act to provide that a 15-year-old accused of first-degree murder, as charged here, would not be automatically transferred to criminal court. See Pub. Act 99-258 (eff. Jan. 1, 2016) (amending 705 ILCS 405/5-130(1)(a)). We determined that the amendment applied retroactively to defendant's case. *Ortiz*, 2016 IL App (1st) 133294, ¶ 36. Therefore, we remanded to juvenile court to "give the State an opportunity to file a petition for a transfer hearing if it so chooses" pursuant to section 5-130(c)(ii) of the Act (705 ILCS 405/5-130(c)(ii) (West Supp. 2015)). *Id.*

¶ 7　　The State filed a petition for leave to appeal (PLA) to the supreme court. On November 30, 2017, while the PLA pended, the supreme court issued its opinion in *People v. Hunter*, 2017 IL 121306, determining that the amended provision did not apply retroactively to cases pending on direct appeal. Nevertheless, the PLA was denied on March 25, 2020, and this court's mandate issued on July 16, 2020.

¶ 8　　Nothing in the record on appeal reflects that any proceedings on remand occurred in juvenile court. Instead, the first documentation of a hearing on remand is a notation in the circuit court's case summary report, which reflects that a hearing occurred in the criminal division on July 30, 2020. This entry states, "Events: 07/16/2020: Mandate Filed." Another entry for the same date states, "SENTENCE VACATED AND THE CAUSE REMANDED; MITTIMUS CORRECTED"; this same phrase appears on the half-sheet for July 30, 2020. The record on appeal

---

[2] We also ordered that the mittimus be corrected to reflect one conviction for first-degree murder. *Ortiz*, 2016 IL App (1st) 133294, ¶ 38.

does not include a report of proceedings for July 30, 2020. The cause proceeded to a new sentencing hearing in criminal court on June 3, 2022.

¶ 9     A new presentence investigative report (PSI) was presented, reflecting that defendant was 28 years old at the time of resentencing and had a pending charge for public indecency/lewd exposure. Defendant reported that he did not know his father, experienced physical and emotional abuse during childhood, and observed men beat his mother. He ran away from home because of the abuse and was placed in DCFS foster care. Defendant was not in contact with his three siblings. Defendant did not graduate high school, but hoped to obtain his GED and attempt college courses.

¶ 10     Defendant reported he had a "good" relationship with his mother, but upon his conviction, she drank and used drugs more often. His mother continued to support him. There were shootings and other violent crimes in his neighborhood. Defendant admitted gang involvement with the Latin Kings from the age of 12, but he was no longer a member of the gang. Defendant stated that he had a drug and alcohol problem when he was arrested, but had never been to a rehabilitation facility. Defendant was diagnosed with depression at 15 years old and took Zoloft. He expressed remorse for what occurred.

¶ 11     The State recounted the evidence at trial and stated that it would rely on those "as the aggravating factors."

¶ 12     In mitigation, defense counsel argued that defendant had a troubled childhood, noting that "DCFS took him" from his mother because of physical and emotional abuse, and defendant did not have a father. Counsel emphasized that defendant was not the shooter and attempted to stop the shooting. Counsel also argued that defendant did not have a juvenile criminal history and requested that defendant be sentenced to the minimum required by law.

¶ 13    In allocution, defendant stated that when he confessed he "felt bad" about what occurred. He did not know that Martinez possessed a firearm, and he attempted to stop the shooting by telling Martinez not to shoot Arellano. At the time, defendant was "dealing" with a certain gang member and was homeless after his mother "kicked [him] out of the house." He began living with a gang member and started "looking at him like a father figure." Defendant expressed remorse, stating that he was "very sorry for what happened" and regretted it.

¶ 14    The court stated that it considered defendant's maturity level, intelligence, family life, and "exposure to a violent environment, *** the pressure around him, [and] his choice in being involved." The court noted that defendant did not complete high school "probably because of the case," and did not participate in any GED programs since being incarcerated. The court understood that defendant did not shoot Arellano, but acknowledged defendant's involvement. The court noted that it did not "need a transcript" and could "see the pictures of [Arellano's] body burned beyond recognition." The court further noted that defendant had been "disrespectful to other human beings" in exposing himself in a "lewd act," and was concerned that defendant continued to display a "lack of maturity" and failure to take "accountability and recogniz[e] [his] behavior." The court sentenced defendant to 28 years in prison.

¶ 15    Defendant orally moved to reconsider his sentence, which the trial court denied.

¶ 16    On December 12, 2022, defendant filed a motion for leave to file a late notice of appeal, which this court allowed.

¶ 17    On appeal, defendant first argues, and the State concedes, that defense counsel on remand was ineffective for failing to request a transfer to juvenile court under the Act.

¶ 18    At the outset, we observe that the record does not show that any proceeding occurred in juvenile court despite our prior order on appeal that remanded to juvenile court. That order, entered October 17, 2016, was predicated, in part, on our finding that the amended automatic transfer provision applied retroactively to defendant's direct appeal. *Ortiz*, 2016 IL App (1st) 133294, ¶ 36. The mandate, however, did not issue until July 16, 2020, approximately six months after the supreme court decided in *Hunter* that the amended provision of the Act did not apply retroactively to cases pending on direct appeal. See *Hunter*, 2017 IL 121306, ¶ 43 (finding the amendment to the Act did not apply retroactively where, *inter alia*, the amendment "did not become effective until after [the defendant's] trial court proceedings were concluded and his case was pending in the appellate court").

¶ 19    Generally, "[a]fter a judgment is reversed and the cause is remanded, the trial court can hold only such further proceedings as conform to the judgment of the appellate tribunal." *Clemons v. Mechanical Devices Co.*, 202 Ill. 2d 344, 352-53 (2002); see also *Barnai v. Wal-Mart Stores, Inc.*, 2021 IL App (1st) 191306, ¶ 43. Given the foregoing circumstances, however, we do not find that the trial court's apparent noncompliance with our mandate remanding to juvenile court is dispositive of the present appeal.

¶ 20    That said, once this court vacated defendant's sentence and remanded for resentencing, it was no longer true that his trial proceedings had concluded because a conviction is not final until after sentencing. See *People v. Vara*, 2018 IL 121823, ¶ 14 (in criminal cases, "the final judgment is the sentence"); *People v. Clark*, 2020 IL App (1st) 182533, ¶ 70; *People v. Price*, 2018 IL App (1st) 161202, ¶ 20. Therefore, as defendant's sentencing was again pending in the trial court, the amendments to the Act applied to defendant during the proceedings on remand. See *People ex rel.*

*Alvarez v. Howard*, 2016 IL 120729, ¶ 28 (amended section 5-130 applies to cases pending in trial court); *Price*, 2018 IL App (1st) 161202, ¶ 22 (amended section 5-130 applies to sentencing hearing held after amendment became law). We therefore turn to the issue in this appeal, *i.e.*, whether counsel on remand was ineffective for not requesting a transfer to juvenile court under the Act.

¶ 21      Illinois courts evaluate claims of ineffective assistance of counsel under the test established by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). *People v. Torres*, 2024 IL 129289, ¶ 26. Under *Strickland*, a defendant must establish that (1) counsel's performance fell below an objective standard of reasonableness, and (2) prejudice. *Id*. ¶ 27. To show deficient performance, a defendant must show that counsel was "objectively unreasonable under prevailing professional norms." *People v. Domagala*, 2013 IL 113688, ¶ 36; see also *Strickland*, 466 U.S. at 689 ("fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time"). To show prejudice, a defendant must demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." (Internal quotation marks omitted.) *Id.* ¶ 36. The failure to establish either prong precludes a finding of ineffective assistance. *Torres*, 2024 IL 129278, ¶ 27.

¶ 22      We agree with the parties that trial counsel acted deficiently in not seeking retroactive application of the amendment during proceedings on remand. Defendant, as noted, was 15 years old when the offense occurred and had been tried as an adult under the automatic transfer statute then in effect. Several years before the proceedings on remand, the supreme court determined that

the amendment to section 5-130 of the Act applied to cases pending in the trial court. See *Howard*, 2016 IL 120729, ¶ 28. Under these circumstances, it was objectively unreasonable for counsel not to argue that the amendment applied to the proceedings on remand in defendant's case. Additionally, defendant was prejudiced by counsel's omission. Had counsel moved for the application of amended section 5-130, then, as a matter of law, that motion should have been granted.

¶ 23    As counsel was ineffective for failing to make this argument in the trial court, we next consider an appropriate remedy. Section 130(1)(c)(ii) of the Act "reflects the legislature's understanding of what will happen when a defendant who was properly charged and tried as an adult no longer meets the requirements for automatic transfer." *Price*, 2018 IL App (1st) 161202, ¶ 28. That section provides for the defendant to be sentenced as a juvenile unless, within 10 days of a finding or return of a verdict, the State files a written motion requesting a hearing for the trial court judge to decide whether the defendant should be sentenced as an adult. *Id.*; see also *People v. Fort*, 2017 IL 118966, ¶ 43 (remanding to the trial court under section 5-130(c)(ii)).

¶ 24    Here, as in *Price* and *Fort*, the possibility of juvenile sentencing was first raised on appeal. Under these circumstances, the *Fort* court concluded that "the proper resolution [was] to remand the cause to the trial court with directions to vacate [the] defendant's sentence and allow the State to file a petition requesting a hearing" for discretionary transfer. *Id.* ¶ 41. This resolution is also appropriate in the present appeal. Given this outcome, we do not reach defendant's additional argument that the trial court improperly considered evidence in aggravation at resentencing.

¶ 25    Defendant also contends that, on remand, this matter should be heard by a different judge. Defendant argues that the trial court judge committed error at both sentencing hearings and

displayed "inherent bias against affording juvenile court treatment to someone she previous[ly] deemed worthy of a *de facto* life sentence."

¶ 26    A judge is presumed to be impartial, and the burden rests on the party claiming prejudice to overcome this presumption. *People v. Burnett*, 2016 IL App (1st) 141033, ¶ 56. Alleged erroneous rulings and findings by a judge are not a sufficient basis to establish that a judge has personal bias for or against a party. *Eychaner v. Gross*, 202 Ill. 2d 228, 280 (2002). The party claiming prejudice must provide evidence of the court's prejudicial conduct or personal bias. *Burnett*, 2016 IL App (1st) 141033, ¶ 56.

¶ 27    Here, we cannot say the court evinced bias or hostility that would warrant remand to a different judge. Defendant failed to provide evidence of the court's prejudicial conduct or personal bias, but instead draws conclusory assertions from the court's prior rulings. It is well-established that the court's alleged erroneous rulings and findings are insufficient to establish bias. *Gross*, 202 Ill. 2d at 280. Under these circumstances, defendant has not overcome the presumption that the trial court judge was impartial. *Burnett*, 2016 IL App (1st) 141033, ¶ 56.

¶ 28    In sum, the case is remanded to juvenile court with directions to vacate defendant's sentence and to give the State, if it so chooses, 10 days from the date of *vacatur* to file a petition requesting a hearing under section 5-130(c)(ii) of the Act for the court to decide whether defendant should be resentenced as a juvenile under the Act or as an adult under the Unified Code of Corrections (730 ILCS 5/1-1-1 *et seq.* (West 2022)).

¶ 29    Remanded with directions.