2024 IL App (1st) 230245-U

No. 1-23-0245

Order filed July 15, 2024

First Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 09 CR 16082 01 |
| | ) | |
| ERICK ORTIZ, | ) | Honorable |
| | ) | Maura Slattery Boyle, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE COGHLAN delivered the judgment of the court.
Presiding Justice Fitzgerald Smith and Justice Pucinski concurred in the judgment.

**ORDER**

¶ 1   *Held*:   Counsel on remand was ineffective for failing to request application of amended statute 705 ILCS 405/5-130 at defendant's resentencing hearing.

¶ 2   Defendant Erick Ortiz and co-defendant Jovanny Martinez were charged with first-degree murder and other offenses relating to the death of 15-year-old Alex Arellano.[1] Following a bench trial, defendant was found guilty of first-degree murder and sentenced to 60 years' imprisonment.

---

[1] Martinez is not a party to this appeal.

Defendant was 15 years old when the offense occurred. On direct appeal, we found that the trial court had not adequately considered defendant's youth before imposing a *de facto* life term. *People v. Ortiz*, 2016 IL App (1st) 133294, ¶¶ 25. In addition, while defendant's appeal was pending, the Juvenile Court Act of 1987 (Act) (705 ILCS 405/1-1 *et seq.* (West Supp. 2015)) was amended to raise the minimum age of transfer from juvenile court to criminal court from age 15 to age 16. Accordingly, this court vacated defendant's sentence and remanded to the circuit court for resentencing, with directions that the State be given an opportunity to file a petition for adult sentencing "if it so chooses." *Ortiz*, 2016 IL App (1st) 133294, ¶ 36. On remand, defendant was resentenced to 28 years' imprisonment.

¶ 3    In the current appeal, the State agrees that defendant received ineffective assistance because defense counsel never requested the application of amended 705 ILCS 405/5-130 on remand. The parties jointly request that this matter be remanded to the trial court again, with directions to vacate defendant's sentence and grant the State an opportunity to file a petition requesting adult sentencing in accordance with section 5/130(1)(c)(ii). However, the State does not agree with defendant's other request, that this matter be assigned to a different judge on remand.

¶ 4    At the June 3, 2022 resentencing hearing conducted pursuant to the first remand, a new presentence investigative report (PSI) was presented, reflecting that defendant was 28 years old at the time of resentencing and had a pending charge for public indecency/lewd exposure. Defendant reported that he did not know his father, experienced physical and emotional abuse during childhood, and observed men beat his mother. He ran away from home because of the abuse and was placed in DCFS foster care. Defendant was not in contact with his three siblings. Defendant

did not graduate from high school, but hoped to obtain his GED and attempt college courses. He had a good relationship with his mother, but reported she drank and used drugs. Defendant joined the Latin Kings street gang at the age of 12, but claimed he was no longer a member. He further indicated that he had a drug and alcohol problem at the time of his arrest, but had never been to a rehabilitation facility. Defendant was diagnosed with depression at 15 years old and took Zoloft. He expressed remorse for what occurred.

¶ 5 The State relied on the evidence presented at trial in aggravation.

¶ 6 In mitigation, defense counsel argued that defendant had a troubled childhood, noting that "DCFS took him" from his mother because of physical and emotional abuse, and defendant did not have a father. Counsel emphasized that defendant was not the shooter and attempted to stop the shooting. Counsel also argued that defendant did not have a juvenile criminal history and requested that defendant be sentenced to the minimum required by law.

¶ 7 In allocution, defendant stated that he had confessed and "felt bad" about what occurred. He did not know that Martinez possessed a firearm, and attempted to stop the shooting by telling Martinez not to shoot Arellano. At the time of the offense, defendant was homeless. His mother had "kicked [him] out of the house" and he was living with a gang member he considered a "father figure." Defendant expressed remorse at the hearing, stating that he was "very sorry for what happened."

¶ 8 Prior to imposing sentence, the trial court considered defendant's maturity level, intelligence, family life, and "exposure to a violent environment, *** the pressure around him, [and] his choice in being involved." The court noted that defendant did not complete high school "probably because of the case," and had not participated in any GED programs since being

incarcerated. While "defendant didn't pull the trigger," he was still highly involved in the crime. The court vividly recalled the facts of the case, including "pictures of [Arellano's] body burned beyond recognition." Defendant had also been "disrespectful to other human beings" in exposing himself in a "lewd act," and continued to display a "lack of maturity" and failure to take "accountability and recogniz[e] [his] behavior." At the conclusion of the hearing, the court sentenced defendant to 28 years in prison.

¶ 9     Illinois courts evaluate claims of ineffective assistance of counsel under the test established by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). *People v. Torres*, 2024 IL 129289, ¶ 26. Under *Strickland*, a defendant must establish that (1) counsel's performance fell below an objective standard of reasonableness, and (2) prejudice. *Id*. ¶ 27. To show deficient performance, a defendant must show that counsel was "objectively unreasonable under prevailing professional norms." *People v. Domagala*, 2013 IL 113688, ¶ 36; see also *Strickland*, 466 U.S. at 689 ("fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time"). To show prejudice, a defendant must demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." (Internal quotation marks omitted.) *Id.* ¶ 36. The failure to establish either prong precludes a finding of ineffective assistance. *Torres*, 2024 IL 129278, ¶ 27.

¶ 10    We agree with the parties that trial counsel acted deficiently in not seeking retroactive application of the amended version of 705 ILCS 405/5-130 at defendant's resentencing hearing. As noted, defendant was 15 years old at the time of the offense and was tried as an adult under the

automatic transfer statute then in effect. Several years prior to his resentencing hearing, the supreme court determined that section 5-130, as amended, applied to cases pending in the trial court. See *People v. Howard*, 2016 IL 120729, ¶ 28. It was therefore objectively unreasonable for counsel not to argue that the amendment was applicable on remand, and defendant was prejudiced by counsel's omission.

¶ 11     Regarding the appropriate remedy, section 130(1)(c)(ii) of the Act "reflects the legislature's understanding of what will happen when a defendant who was properly charged and tried as an adult no longer meets the requirements for automatic transfer." *People v. Price*, 2018 IL App (1st) 161202, ¶ 28. That section provides for the defendant to be sentenced as a juvenile unless, within 10 days of a finding or return of a verdict, the State files a written motion requesting a hearing for the trial court judge to decide whether the defendant should be sentenced as an adult. *Id.*; see also *People v. Fort*, 2017 IL 118966, ¶ 43 (remanding to the trial court under section 5-130(c)(ii)).

¶ 12     Here, as in *Price* and *Fort*, the possibility of juvenile sentencing was first raised on appeal. Under these circumstances, the *Fort* court concluded that "the proper resolution [was] to remand the cause to the trial court with directions to vacate [the] defendant's sentence and allow the State to file a petition requesting a hearing" for discretionary adult sentencing. *Id.* ¶ 41. This resolution is also appropriate in the present case, since defendant is over the age of 21 and is no longer eligible to be committed under the Act. *Id.* Given this outcome, we need not consider defendant's additional argument that the trial court considered improper evidence in aggravation at resentencing.

¶ 13    Defendant also maintains that this matter should be heard by a different judge on remand. Defendant asserts that the trial court judge committed error at both sentencing hearings and displayed "inherent bias against affording juvenile court treatment to someone she previous[ly] deemed worthy of a *de facto* life sentence."

¶ 14    A judge is presumed to be impartial, and the burden rests on the party claiming prejudice to overcome this presumption. *People v. Burnett*, 2016 IL App (1st) 141033, ¶ 56. Alleged erroneous rulings and findings by a judge are not a sufficient basis to establish that a judge has personal bias for or against a party. *Eychaner v. Gross*, 202 Ill. 2d 228, 280 (2002). The party claiming prejudice must provide evidence of the court's prejudicial conduct or personal bias. *Burnett*, 2016 IL App (1st) 141033, ¶ 56.

¶ 15    Here, defendant does not offer any evidence of bias or hostility warranting remand to a different judge. Although defendant makes conclusory assertions based on the court's rulings,  it is well-established that "[a] judge's rulings alone almost never constitute a valid basis for a claim of judicial bias or partiality." *Gross*, 202 Ill. 2d at 280 (citing *Liteky v. United States*, 510 U.S. 540, 555 (1994)). We find that defendant has not overcome the presumption that the trial judge was impartial. *Burnett*, 2016 IL App (1st) 141033, ¶ 56.

¶ 16    For the reasons set forth herein, this case is remanded to the trial court with directions to vacate defendant's sentence. The court is further directed to allow the State an opportunity to file a petition under section 5-130(1)(c)(ii) of the Act, "if it so chooses," requesting adult sentencing under the Unified Code of Corrections (730 ILCS 5/1-1-1 *et seq.* (West 2022)). Should the State elect to file such a petition, it must do so within 10 days from the date on which defendant's sentence is vacated. If the State fails to file a petition for adult sentencing within that time frame,

or the trial court finds after a hearing that defendant is not subject to adult sentencing, "the proper remedy is to discharge the proceedings against defendant," since he is no longer eligible to be committed under the Act due to his age. See *Fort*, 2017 IL 118966, ¶ 41.

¶ 17    Remanded with directions.