2025 IL App (1st) 230177-U

No. 1-23-0177

Order filed March 6, 2025

Third Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 07 CR 9982 |
| | ) | |
| TERREL JENKINS, | ) | Honorable |
| | ) | Neera Walsh, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE REYES delivered the judgment of the court.
Justices Martin and D.B. Walker concurred in the judgment.

**ORDER**

¶ 1   *Held*: Vacated and remanded with instructions. Trial court erred in resentencing defendant as adult without permitting discretionary transfer hearing.

¶ 2   Following a jury trial, defendant Terrel Jenkins was found guilty of murder (720 ILCS 5/9-1(a)(1) (West 2002)) while personally discharging a firearm that proximately caused death to another person. At the time of the offense, defendant was 15 years old. Defendant was sentenced to 25 years' imprisonment for murder and an additional 25 years' imprisonment for the firearm

enhancement, for a total of 50 years in prison. This court affirmed. *People v. Jenkins*, 2013 IL App (1st) 103006-U, *appeal denied*, *vacated*, No. 115979 (Ill. Mar. 25, 2020) (supervisory order). Later, pursuant to the Illinois Supreme Court's supervisory order, this court entered an agreed order vacating defendant's sentence and remanding to the circuit court for a new sentencing hearing. *People v. Jenkins*, No. 1-10-3006 (Sept. 14, 2020) (dispositional order).

¶ 3     On remand, the circuit court denied defendant's motion to transfer the case to juvenile court where the State could "petition for a discretionary transfer *** to adult criminal court," and subsequently imposed 20 years' imprisonment for murder and 25 years' imprisonment for the firearm enhancement for a total of 45 years in prison.  On appeal, defendant argues, and the State agrees, that the circuit court erred in denying defendant's motion to transfer to juvenile court. He also argues his sentence was excessive. We vacate the sentence and remand with instructions.

¶ 4     We set forth only the facts necessary to understand the issue on appeal.

¶ 5     In May 2007, the State charged defendant with multiple counts of murder for the September 15, 2002, shooting death of Lloyd Ware. Because defendant was 15 years old at the time of the offense, he was prosecuted as an adult pursuant to the automatic transfer provision then in effect (705 ILCS 405/5-130(1)(a) (West 2006)), which provided in part that 15- and 16-year-old defendants charged with murder were to be prosecuted under the Criminal Code of 1961 (720 ILCS 5/1-1 *et seq*. (West 2006)).

¶ 6     In his first direct appeal, defendant challenged the sufficiency of the evidence and certain evidentiary rulings, argued the automatic transfer provision was unconstitutional, and contended that his 50-year sentence was excessive. We affirmed. *Jenkins*, 2013 IL App (1st) 103006-U, ¶ 2. In September 2013, the Illinois Supreme Court initially granted defendant's petition for leave to

appeal. *People v. Jenkins*, No. 115979 (Ill. Sept. 25, 2013) (supervisory order). In March 2020, however, our supreme court reversed and denied the petition, but exercised its supervisory authority to order this court to vacate the direct appeal decision and "consider the effect of *** *People v. Buffer*, 2019 IL 122327, on the issue of whether defendant's sentence constitutes a *de facto* life sentence in violation of the Eighth Amendment and *Miller v. Alabama*, 567 U.S. 460 (2012), and determine if a different result is warranted." *Jenkins*, No. 115979 (Ill. Mar. 25, 2020) (supervisory order).

¶ 7     On September 14, 2020, this court vacated defendant's sentence and remanded to the circuit court for a new sentencing hearing in compliance with *Miller*, *Buffer*, *People v. Holman*, 2017 IL 120655, *overruled by People v. Wilson*, 2023 IL 127666, and section 5-4.5-105 of the Unified Code of Corrections (730 ILCS 5/5-4.5-105 (West 2020)). *Jenkins*, No. 1-10-3006 (Sept. 14, 2020) (dispositional order).

¶ 8     While defendant's appeal pended before the Illinois Supreme Court, the Juvenile Court Act was amended. See Pub. Act 99-258, § 5 (eff. Jan. 1, 2016) (amending 705 ILCS 405/5-130(1)(a)). Under the amended statute, a 15-year-old accused of murder is not automatically transferred to adult court. *Id*. Instead, the State can file a petition under section 5-130(1)(c)(ii) of the Juvenile Court Act (705 ILCS 405/5-130(1)(c)(ii) (West 2020)) for the defendant to be sentenced in adult court. Further, our supreme court held that the amendment to section 5-130 applies retroactively to cases pending trial. *People ex rel. Alvarez v. Howard*, 2016 IL 120729, ¶ 28; see also *People v. Hunter*, 2017 IL 121306, ¶ 43 (clarifying that the amendment applies to cases that are still in "trial court proceedings" and not cases "pending in the appellate court").

¶ 9    Defendant filed a motion to transfer the case to juvenile court where the State could "petition for a discretionary transfer *** to adult criminal court," asserting the Illinois Supreme Court's holding in *Howard* applied to his case. The circuit court denied the motion, finding that transfer to juvenile court was beyond the appellate court's mandate and would be impractical because defendant was over 21 years old. At resentencing, defendant received 45 years in prison. The court denied defendant's motion to reconsider, which did not include the claim that the amended section of the Juvenile Court Act should apply to his case.

¶ 10    On appeal, defendant first contends that the circuit court erred in denying his motion to transfer the case to juvenile court and that the amended version of section 5-130 of the Juvenile Court Act should apply to his case for resentencing.

¶ 11    Defendant argues that once his case was remanded for resentencing, his trial proceedings had not concluded because a conviction is not final until after sentencing. See *People v. Vara*, 2018 IL 121823, ¶ 14; *People v. Clark*, 2020 IL App (1st) 182533, ¶ 70; *People v. Price*, 2018 IL App (1st) 161202, ¶ 20. Thus, according to defendant, the amendments to the juvenile-sentencing law should apply to him for resentencing. *Clark*, 2020 IL App (1st) 182533, ¶ 70; *Price*, 2018 IL App (1st) 161202, ¶ 22 (amended section 5-130 applied to sentencing hearing held after amendment became law). He requests the same relief granted in *Clark*, 2020 IL App (1st) 182533, ¶ 86: vacate his sentence and remand the case to allow the State to file a petition under section 5-130(1)(c)(ii) for adult sentencing. The State agrees.

¶ 12    Defendant's claim was not included in his motion to reconsider sentence. Thus, the issue was forfeited and may not be considered on appeal except under plain error review. Ill. S. Ct. R. 615(a) (eff. Jan. 1, 1967); *People v. Bannister*, 232 Ill. 2d 52, 76 (2008) (to preserve a sentencing

claim for appeal, a defendant must make a contemporaneous objection at the sentencing hearing and raise the issue in a postsentencing motion). Defendant argues that plain error review is warranted because he was "deprived of his substantial right to a hearing to determine whether he should be sentenced as a juvenile pursuant to" section 5-130(1)(c)(ii) of the Juvenile Court Act. See *People v. Fort*, 2017 IL 118966, ¶ 19 (" 'The imposition of an unauthorized sentence affects substantial rights' and, thus, may be considered by a reviewing court even if not properly preserved in the trial court." (quoting *People v. Hicks*, 181 Ill. 2d 541, 545 (1998))).

¶ 13    In *Clark*, 2020 IL App (1st) 182533, the defendant was convicted of murder and other crimes he committed at age 15. *Id*. ¶ 1. Before the defendant's sentencing (though after his conviction), the new change to the juvenile-sentencing law went into effect. *Id*. ¶ 51. The defendant filed a motion to remand his case to the juvenile court pursuant to the amendment. *Id*. The trial court denied the request, did not apply the new law, and sentenced defendant as an adult to 18 years in prison. *Id*. ¶¶ 51, 67. We reversed, finding the amendment applicable because the trial court proceedings had not yet concluded; they would not be deemed concluded until after sentencing. *Id*. ¶ 70 (citing *Price*, 2018 IL App (1st) 161202, ¶ 20).

¶ 14    Following *Fort*, 2017 IL 118966, ¶ 41, which resolved a similar issue, this court then remanded the cause to the trial court "with directions to vacate defendant's sentence and give the State 10 days from the date the sentence is vacated to file a petition requesting a hearing pursuant to section 5-130(1)(c)(ii) of the Act." *Clark*, 2020 IL App (1st) 182533, ¶ 86. As in *Fort*, it ordered that, " '[s]hould the trial court find after the hearing that defendant is not subject to adult sentencing, the proper remedy is to discharge the proceedings against defendant since he is now

over 21 years of age and is no longer eligible to be committed as a juvenile under the Act.' " *Id.* ¶ 84 (quoting *Fort*, 2017 IL 118966, ¶ 41).

¶ 15    We agree with the parties that our case is indistinguishable from *Clark*. Here, the trial court erred in imposing an adult sentence in violation of the statute and that error was so serious it affected the fairness of defendant's sentence and challenged the integrity of the judicial process. See *Fort*, 2017 IL 118966, ¶ 41. We thus enter the same order with the agreement of the parties. Defendant's sentence is vacated. On remand, the State should be given an opportunity to petition under section 5-130(1)(c)(ii) of the Juvenile Court Act to have defendant sentenced as an adult. If it does not do so, or if the court determines that defendant is not subject to adult sentencing, the proper remedy is to discharge defendant, as he is over 21 years of age.

¶ 16    Based on our decision, we need not consider defendant's argument that his sentence was excessive.

¶ 17    The judgment of the circuit court is vacated. The matter is remanded for further proceedings consistent with this order.

¶ 18    Vacated and remanded with instructions.